**BOIES SCHILLER FLEXNER LLP**
CHRISTOPHER G. CALDWELL, State Bar No. 106790
  *ccaldwell@bsfllp.com*
ERIC S. PETTIT, State Bar No. 234657
  *epettit@bsfllp.com*
725 South Figueroa Street, 31st Floor
Los Angeles, California 90017-5524
Telephone: (213) 629-9040
Facsimile: (213) 629-9022

Attorneys for Plaintiffs
AMTAX Holdings 168, LLC,
TCH II Pledge Pool, LLC,
AMTAX Holdings 133, LLC, and
Protech 2002-A, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMTAX HOLDINGS 168, LLC, an Ohio limited liability company; TCH II PLEDGE POOL, LLC, a Delaware limited liability company; AMTAX HOLDINGS 133, LLC, an Ohio limited liability company; and PROTECH 2002-A, LLC, an Ohio limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>KDF COMMUNITIES-GLEN HAVEN, LLC, a California limited liability company; KDF COMMUNITIES-VALLEY PALMS, LLC, a California limited liability company; AFFORDABLE HOUSING ACCESS, INC., a California corporation,<br><br>Defendants. | Case No. 3:18-cv-5097<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

Plaintiffs AMTAX Holdings 168, LLC, TCH II Pledge Pool, LLC, AMTAX Holdings 113, LLC and Protech 2002-A, LLC bring this action to resolve a dispute as to the interpretation of identical language in two contracts involving Defendants KDF Communities-Glen Haven, LLC, KDF Communities-Valley Palms, LLC, and Affordable Housing Access, Inc.

**INTRODUCTORY STATEMENT**

1. Plaintiffs AMTAX Holdings 168, LLC and TCH II Pledge Pool, LLC are the Investor Limited Partner and Special Limited Partner (the "Glen Haven Plaintiffs") of KDF Glen Haven, L.P., a low-income housing tax credit ("LIHTC") limited partnership (the "Glen Haven Partnership") formed exclusively to develop, own, operate, and ultimately dispose of an affordable housing development in Fremont, California (the "Glen Haven Project"). The Glen Haven Plaintiffs collectively own more than 99.9% of the Glen Haven Partnership. The Glen Haven Partnership is governed by an Amended and Restated Agreement of Limited Partnership, dated as of September 1, 2002, as amended (the "Glen Haven Partnership Agreement").

2. Plaintiffs AMTAX Holdings 133, LLC and Protech 2002-A, LLC are the Investor Limited Partner and Special Limited Partner (the "Valley Palms Plaintiffs") of KDF Valley Palms, L.P., a LIHTC limited partnership (the "Valley Palms Partnership") formed exclusively to develop, own, operate, and ultimately dispose of an affordable housing development in San Jose, California (the "Valley Palms Project"). The Valley Palms Plaintiffs collectively own more than 99.9% of the Valley Palms Partnership. The Valley Palms Partnership is governed by an Amended and Restated Agreement of Limited Partnership dated as of April 1, 2002, as amended (the "Valley Palms Partnership Agreement").

3. Defendants KDF Communities-Glen Haven, LLC ("KDF Glen Haven") and Affordable Housing Access, Inc. ("AHA") are the Co-General Partners

of the Glen Haven Partnership, and collectively own less than .01% of the Glen Haven Partnership.

4.  Defendants KDF Communities-Valley Palms, LLC ("KDF Valley Palms") and AHA are the Co-General Partners of the Valley Palms Partnership, and collectively own less than .01% of the Valley Palms Partnership.

5.  The Glen Haven Partnership Agreement gives KDF Glen Haven an option to purchase the Glen Haven Plaintiffs' interests in the Glen Haven Partnership after the expiration of a specified period.  If KDF Glen Haven exercises its option, the Glen Haven Partnership Agreement requires it to pay the Glen Haven Plaintiffs 100% of the fair market value of their interests in the Glen Haven Project.

6.  Similarly, the Valley Palms Partnership Agreement gives KDF Valley Palms an option to purchase the Valley Palms Plaintiffs' interests in the Valley Palms Partnership after the expiration of a specified period.  If KDF Valley Palms exercises its option, the Valley Palms Partnership Agreement requires it to pay the Valley Palms Plaintiffs 100% of the fair market value of their interests in the Valley Palms Project.

7.  As explained below, KDF Glen Haven and KDF Valley Palms contend that the price they must pay to purchase the interests of the Glen Haven Plaintiffs and the Valley Palms Plaintiffs is "far lower" than the amount that the Glen Haven Plaintiffs and the Valley Palms Plaintiffs would receive upon a hypothetical sale of the Glen Haven Project and the Valley Palms Project at fair market value as determined by the appraisal process provided for in the Glen Haven Partnership Agreement and the Valley Palms Partnership Agreement.  This interpretation flies in the face of the plain language of the agreements and should be rejected.

## PARTIES

8.  Plaintiff AMTAX Holdings 168, LLC ("AMTAX 168") is an Ohio limited liability company, and is the Glen Haven Partnership's Investor Limited

Partner.  AMTAX 168's sole member is AMTAX Holdings Corporate Fund (Del.) X, LLC, a Delaware limited liability company ("AMTAX Corporate Fund X").  The general partner of AMTAX Corporate Fund X is Omena, LLC, a Nevada limited liability company ("Omena"), whose sole member is Alden Pacific Holdings, LLC, a Delaware limited liability company  ("Alden Pacific").  Alden Pacific's sole member, in turn, is Alden Torch Financial LLC, a Delaware limited liability company ("Alden Torch").  Alden Torch has four individual members, three of whom reside in Colorado, and one of whom resides in Massachusetts.  The limited partner of AMTAX Corporate Fund X is GMACCH Guaranteed TCF XI, LLC, a Delaware limited liability company ("GMACCH XI").  The sole member of GMACCH XI is Omena, the ownership of which is described above.

9. Plaintiff TCH II Pledge Pool, LLC is a Delaware limited liability company, and is the Glen Haven Partnership's Special Limited Partner.  The sole member of TCH II Pledge Pool, LLC is Tax Credit Holdings II, LLC, which is also a Delaware limited liability company ("TCH II").  TCH II's sole member is Alden Pacific, the ownership of which is described above.  The Glen Haven Plaintiffs are thus citizens of Ohio, Delaware, Nevada, Colorado, and Massachusetts.

10. Plaintiff AMTAX Holdings 133, LLC ("AMTAX 133") is an Ohio limited liability company, and is the Valley Palms Partnership's Investor Limited Partner.  AMTAX 133's sole member is American Tax Credit Corporate Fund XV, LP, a Delaware limited partnership ("American Corporate Fund XV").  The general partner of American Corporate Fund XV is Omena, the ownership of which is described above.  The limited partner of American Corporate Fund XV is GMACCH Guaranteed Tax Credit Fund VI, LLC, a Delaware limited liability company ("GMACCH VI").  The sole member of GMACCH VI is Omena.

11. Plaintiff Protech 2002-A, LLC is an Ohio limited liability company, and is the Valley Palms Partnership's Special Limited Partner.  The sole member of

Protech 2002-A, LLC is Tax Credit Holdings VIII, LLC, a Delaware limited liability company ("TCH VIII"). TCH VIII's sole member is Alden Pacific, the ownership of which is described above. The Valley Palms Plaintiffs are thus citizens of Ohio, Delaware, Nevada, Colorado, and Massachusetts.

12. Defendant KDF Glen Haven is a California limited liability company, and is the Co-General Partner of the Glen Haven Partnership. On information and belief, KDF Glen Haven's members are KDF Communities, LLC, a California limited liability company, and Mark E. Hyatt, an individual residing in Orange County, California.

13. Defendant KDF Valley Palms is a California limited liability company, and is the Co-General Partner of Valley Palms Partnership. On information and belief, KDF Valley Palms's members are KDF Communities, LLC, a California limited liability company, and Mark E. Hyatt, an individual residing in Orange County, California.

14. Defendant AHA is a California nonprofit public benefit corporation and the Managing General Partner of both the Glen Haven Partnership and the Valley Palms Partnership. Plaintiffs are informed and believe and on that basis allege that AHA's principal place of business is in Newport Beach, California.

## JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the matter is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. Defendants and their members are California citizens, while Plaintiffs and their members are not. Plaintiffs further allege that the difference in the valuation of their respective interests in the Glen Haven Partnership and the Valley Palms Partnership are greater than $75,000 depending on whether Plaintiffs' or Defendants' interpretation of the limited partnership agreements controls.

16.     Plaintiffs seek declaratory relief pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202, which grant this Court authority to declare the rights and other legal relations surrounding questions of actual controversy that exist between Plaintiffs and Defendants.

17.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because the properties at issue are located in this district and the limited partnership agreements at issue specify that actions shall be brought in this district.

## FACTS

### A.     The LIHTC Program

18.     Congress passed the LIHTC provisions in Section 42 of the Internal Revenue Code ("Section 42") in order to promote private investment in the development of affordable housing.  Section 42 permits investors who commit capital to developing and operating affordable housing projects to earn tax credits generated by those projects, as well as tax deductions arising out of any depreciation of the investor's capital account and other benefits attendant to their ownership interests.

19.     LIHTC investments are typically structured as a limited partnership between an investor limited partner, who provides the necessary capital, and a general partner, who is responsible for developing and operating the project (and earns substantial fees for doing so).

### B.     The Partnerships

20.     The Glen Haven Partnership and the Valley Palms Partnership are California LIHTC limited partnerships created for the purpose of developing, owning, operating, and ultimately disposing of affordable housing developments in Fremont, California and San Jose, California, respectively.  The partnerships and the respective rights and obligations of their partners are governed by the Glen Haven Partnership Agreement and the Valley Palms Partnership Agreement, which are

substantially similar in their material terms and identical in the language at issue in this action.

21. As Investor Limited Partners, AMTAX 168 and AMTAX 133 made substantial capital contributions to the Glen Haven Partnership and the Valley Palms Partnership in connection with the development and operation of the Glen Haven Project and the Valley Palms Project, respectively, and each own more than 99.9% of the equity in the respective partnerships. As set forth in the Glen Haven Partnership Agreement and the Valley Palms Partnership Agreement, in exchange for their capital contributions AMTAX 168 and AMTAX 133 received tax credits and other tax benefits, as well as the right to receive certain cash proceeds from the operation and/or sale of, respectively, the Glen Haven Project and the Valley Palms Project.

22. KDF Glen Haven and KDF Valley Palms are the Co-General Partners of the Partnerships, and owe contractual and fiduciary duties to Plaintiffs and the two partnerships as set forth in the Glen Haven Partnership Agreement and the Valley Palms Partnership Agreement.

23. Sections 7.4.I of the Glen Haven Partnership Agreement and the Valley Palms Partnership Agreement each establish that the Co-General Partner has an "Option" to purchase the limited partners' interests in the two partnerships for a period of sixty (60) months following the occurrence of certain conditions that have been satisfied.

24. On July 20, 2018, KDF Glen Haven and KDF Valley Palms each provided written notice that they were exercising their Option under Section 7.4.I.

25. Section 7.4.I establishes the price that the Co-General Partner must pay to purchase the limited partner interests in the partnerships at issue. Under Section 7.4.I, the "Option Price" is "100% of the fair market value of the limited partner interest in **Property, appraised as low income housing. . . .**" (emphasis added).

-6-

COMPLAINT FOR DECLARATORY RELIEF

26. Plaintiffs contend that the Option Price is 100% of what Plaintiffs would receive if the Glen Valley Project and the Valley Palms Project were sold at their fair market value as determined by the appraisal process specifically provided in Section 7.4.I.

27. Defendants, by contrast, assert that the Option Price is "far lower" than the amount that Plaintiffs would receive if the Glen Valley Project and the Valley Palms Project were sold at their fair market value as determined by the appraisal process specifically provided in Section 7.4.I. This dispute must be resolved in order to determine the amount of the Option Price that KDF Glen Haven and KDF Valley Palms must pay Plaintiffs in connection with the exercise of their Options.

## FIRST CLAIM FOR RELIEF

### (Declaratory Judgment)

28. Plaintiffs reallege and incorporate by reference each and every allegation set forth above.

29. An actual controversy has arisen and now exists between Plaintiffs, on one hand, and Defendants, on the other, as to whether the Option Price that KDF Glen Haven and KDF Valley Palms must pay to acquire Plaintiffs' interests in the Glen Haven Partnership and the Valley Palms Partnership.

30. Plaintiffs desire a judicial declaration that the plain language of Section 7.4.I of the Glen Haven Partnership Agreement and the Valley Palms Partnership Agreement establish that the Option Price is 100% of what Plaintiffs would receive if the Glen Haven Project and the Valley Palms Project were sold at fair market value as determined by the appraisal process set forth in Section 7.4.I. A declaration of rights is necessary and appropriate at this time because no other adequate remedy exists by which Plaintiffs' rights under the Glen Haven Partnership Agreement and the Valley Palms Partnership may be determined and protected.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiffs hereby request that this Court:

A. Declare that the Option Price to be paid by KDF Glen Haven and KDF Valley Palms shall be 100% of what Plaintiffs would receive if the Glen Haven Project and the Valley Palms Project were sold at fair market value as determined by the appraisal process set forth in Section 7.4.I; and

B. Award such other and further relief as this Court deems just and proper.

DATED: August 20, 2018

BOIES SCHILLER FLEXNER LLP
CHRISTOPHER G. CALDWELL
ERIC S. PETTIT

By  */s/* Christopher G. Caldwell
     CHRISTOPHER G. CALDWELL
Attorneys for Plaintiffs